Roger C. Johnson appeals the Hocking County Municipal Court's dismissal of his motion to return property. Johnson asserts that the trial court violated his right to due process by assessing court costs against him without first holding a hearing on the matter. We disagree, because Johnson failed to file a timely motion. Accordingly, we affirm the judgment of the trial court.
 I.
In July 1996, the Hocking County Municipal Court found Johnson guilty of: (1) use of unauthorized tags, in violation of R.C. 4549.08, (2) violating a stop sign, in violation of R.C. 4511.12, (3) operating a vehicle while under BMV suspension, in violation of R.C. 4507.02, and (4) resisting arrest, in violation of R.C. 2921.33. The trial court sentenced Johnson to two years probation, imposed a fine, and ordered him to pay all court costs, including juror fees. The court established a payment schedule for Johnson to pay the fine and court costs. Johnson did not file a direct appeal.
In July 1998, Johnson completed the payments on his fines and court costs. That same month, Johnson filed a motion to return property, arguing that the trial court violated the Fifth,Seventh, and Fourteenth Amendments to the United States Constitution when it ordered him to pay court costs. The trial court dismissed Johnson's motion.
Johnson appeals the trial court's dismissal of his motion, asserting that the trial court abused its discretion by failing to accord him due process to adjudicate the court costs.
 II.
Although Johnson styled his filing as a "motion for return of property," based upon the constitutional arguments he raised, we assume that Johnson intended to file a petition for post-conviction relief.
R.C. 2953.21, the post-conviction relief statute, provides that a person convicted of a criminal offense may file a petition in the court that imposed sentence asking the court to vacate or set aside the sentence. R.C. 2953.21(A)(1). R.C.2953.21 further provides:
 (2) A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal * * *. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
App. R. 4 (A) requires a party to file a notice of appeal within thirty days of the entry of judgment.
Johnson did not file a direct appeal of his sentence, which included the assessment of court costs against him. Thus, the latest date Johnson could have timely filed his petition for post-conviction relief was one hundred eighty days from the date the time for filing the appeal expired. R.C. 2953.21
(A)(2). Johnson was convicted and sentenced in July 1996. Therefore, he had one hundred eighty days from expiration of his appeal time, August 1996, in which to file his petition for post-conviction relief. The last date Johnson could have filed a timely motion was February 1997. Johnson filed his motion in July 1998, clearly past the February 1997 deadline. Furthermore, Johnson did not comply with the provisions of R.C.2953.23 which would have allowed the court to entertain his untimely petition.[1] The trial court correctly dismissed Johnson's petition as untimely. See State v. Sinnott (Nov. 6, 1997), Hocking App. No. 97CA01, unreported; State v. Creech
(July 11, 1997), Scioto App. No. 96CA2476, unreported; State v.Kanawalsky (June 30, 1997), Meigs App. No. 96CA26, unreported. Accordingly, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hocking County Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. and Evans, J.: Concur in Judgment and Opinion.
For the court
 BY: _____________________ Roger L. Kline Presiding Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.
[1] R.C. 2953.23 provides:
(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
(1) Either of the following applies:
(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim from relief.
(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
(2) The petitioner shows by clear and convincing evidence that, but for the constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for the constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.